**IT IS ORDERED as set forth below:**



**Date: March 30, 2023**

_____
**Lisa Ritchey Craig**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF**: | : | CASE NUMBERS: |
| | : | |
| JEFFERY LAMAR TREVOR NEWSOME, JR., | : | **22-53937 -LRC** |
| | : | |
| Debtor. | : | CHAPTER 7 |
| _____ | : | |
| | : | |
| ATLANTA POSTAL CREDIT UNION, | : | |
| | : | ADVERSARY PROCEEDING NO: |
| Plaintiff, | : | |
| | : | **22-05107 -LRC** |
| v. | : | |
| | : | |
| JEFFERY LAMAR TREVOR NEWSOME, JR, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**ORDER**

Before the Court is the *Motion for Default Judgment* (the "Motion") filed by Atlanta Postal Credit Union (the "Plaintiff"). (Doc. 5). This matter is a core bankruptcy matter over which this Court has subject matter jurisdiction. *See* 28 U.S.C. §§ 157(b)(2)(I); § 1334.

**Procedural History**

Jeffery Lamar Trevor Newsome, Jr. (the "Defendant") filed a voluntary petition under Chapter 7 of the Bankruptcy Code. (Bankr. Case No. 22-53937 -LRC, Doc. 1). Plaintiff filed a complaint against Defendant seeking a determination that a debt owed to it by Defendant is nondischargeable pursuant to § 523(a)(6) due to Defendant's willful and malicious injury to Plaintiff's interest in certain collateral. (Doc. 1, the "Complaint"). Plaintiff served a copy of the summons and Complaint on Defendant and on the attorney representing Defendant in his related bankruptcy case. (Doc. 3). Defendant has not responded. Upon Plaintiff's request (Doc. 4), the Clerk entered the default. Thereafter, Plaintiff filed the Motion with service on Defendant and Defendant's counsel. (Doc. 10). Defendant has failed to respond to the Motion, and, therefore, the Motion is deemed unopposed pursuant to BLR 7007-1(C).

The entry of default judgment is discretionary. *See* Fed. R. Civ. P. 55(b), made applicable in this proceeding by Fed. R. Bankr.P. 7055; *FDS National Bank v. Alam (In re Alam)*, 314 B.R. 834, 837 (Bankr. N.D. Ga. 2004) (Bonapfel, J.). To obtain a default judgment, the plaintiff must prove a *prima facie* case. *Capital One Bank v. Bungert (In re Bungert)*, 315 B.R. 735, 737 (Bankr. E.D. Wis. 2004). "A default only admits well-pled allegations of fact and does not admit conclusions of law." *In re Warner*, 2013 WL

2

2436418, at *1 (Bankr. N.D. Ga. Apr. 30, 2013). Having reviewed the Complaint and the record, the Court concludes that Plaintiff has failed to state a claim upon which relief can be granted and, therefore, the Motion must be denied.

## Facts

According to the Complaint, Defendant obtained multiple loans from Plaintiff, all of which were secured by Defendant's interest in a 2020 Dodge Charger (the "Vehicle"). In the applicable security agreements, attached as Exhibits 1, 2, and 3 to the Complaint, Defendant agreed to "Not use the Collateral for any unlawful purpose." Plaintiff perfected its lien on the Vehicle. While driving the Vehicle, Defendant was involved in a hit and run accident. The accident occurred while Defendant was fleeing from a Georgia State Patrol car. Defendant was seen driving dangerously, including passing vehicles in a congested area. Defendant was later charged with speeding, reckless driving, driving on the wrong side of the road, and operating a vehicle without lights. After the accident, the Vehicle caught fire.

Defendant filed an insurance claim arising from the accident but failed to disclose to the insurance company the facts stated above regarding the circumstances of the accident. The insurance company denied coverage for the loss of the Vehicle because the insurance policy excluded coverage for loss caused while using a vehicle to "flee any law enforcement agent." The insurance policy also permitted the denial of coverage to Plaintiff as the loss payee. Following the filing of Defendant's bankruptcy petition, Defendant abandoned the Vehicle and could not or would not disclose to Plaintiff the location of the Vehicle. Defendant has steadfastly refused to cooperate with Plaintiff's investigation. As

3

a result, Plaintiff is unable to locate or repossess the Vehicle.

## Conclusions of Law

Section 523(a)(6) excepts from discharge an individual's debts incurred by "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). "A willful and malicious injury under 11 U.S.C. § 523(a)(6) is confined to acts, such as intentional torts, done with an actual intent to cause injury as opposed to acts done intentionally that result in injury." *In re Mitchell,* 2007 WL 7143084, at *2 (Bankr. N.D. Ga. July 25, 2007) (citing *Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998); *Hope v. Walker (In re Walker)*, 48 F.3d 1161 (11th Cir.1995). Therefore, "'[a] debtor is responsible for a 'willful' injury when he or she commits an intentional act the purpose of which is to cause injury or which is substantially certain to cause injury.'" *In re Gaddy,* 977 F.3d 1051, 1058 (11th Cir. 2020), cert. denied sub nom. *SE Prop. Holdings, LLC v. Gaddy,* 209 L. Ed. 2d 548, 141 S. Ct. 2514 (2021) (quoting *Kane v. Stewart Tilghman Fox & Bianchi, P.A. (In re Kane)*, 755 F.3d 1285, 1293 (11th Cir. 2014)); *see also In re Jennings*, 670 F.3d 1329, 1334 (11th Cir. 2012). To establish that an injury was willful, the creditor must show that "a debtor either acted 'with the desire to cause' the resulting harm to a targeted person, acted 'with knowledge that injury will occur' to such person, or acted in the belief that harm was 'substantially certain to result' either through evidence of 'subjective motive' regarding same or when 'no other plausible inference' can be drawn from the record than that the debtor entertained such knowledge." *In re Crumley*, 2011 WL 7068913, at *3 (Bankr. N.D. Ga. Aug. 10, 2011); *see also In re Wilder,* 2022 WL 4002261, at *3 (Bankr. N.D. Ga. Sept. 1, 2022) ("The plaintiff must

4

show the debtor 'had a subjective motive to inflict injury or believed his conduct was substantially certain to cause injury,'" but the court may infer the debtor's subjective intent "from the surrounding circumstances."); *In re Pereira*, 638 B.R. 260, 262–63 (Bankr. D. Mass. 2022); *but see In re Robustelli*, 430 B.R. 709, 734 (Bankr. N.D. Ga. 2010) ("The Court concludes, therefore, that, without regard to his subjective state of mind, Jim's conduct viewed under an objective standard would, with substantial certainty, cause injury. In this sense, his conduct was "willful" within the meaning of § 523(a)(6).").[1]  "And '[m]alicious means wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill-will.'" *Gaddy*, at 1058; *see also In re Smith*, 592 B.R. 390, 395 (Bankr. N.D. Ga. 2018); *In re Watson*, 2019 WL 5388061, at *3 (Bankr. N.D. Ga. Oct. 18, 2019). Finally, the debt must be "the 'result of,' 'with respect to,' or 'by reason of'" the injury caused by defendant's willful and malicious conduct. *Gaddy,* 977 F.3d at 1058.

As a threshold matter, the Court must find that the debt at issue actually arose from the willful and malicious injury. *See In re Smith*, 578 B.R. 866, 879 (Bankr. N.D. Ga. 2017) ("The debt itself must arise from the willful and malicious conduct," such that, "[w]hen such conduct only occurs after the debt is created, it does not support a finding of nondischargeability under this exception."). Here, the Complaint establishes that the debt owed by Defendant to Plaintiff arose at the time Defendant borrowed the funds from

---

[1] "The Eleventh Circuit has not yet had occasion to decide 'whether the term substantial certainty is a subjective standard, requiring a creditor to prove that a debtor actually knew that the act was substantially certain to injure the creditor, or an objective standard, requiring a creditor to show only that a debtor's act was in fact substantially certain to cause injury.'" *Watson v. Bradsher*, 2022 WL 3335523, at *5 (N.D. Ga. Aug. 12, 2022) (quoting *In re Kane*, 755 F.3d at 1293). "Other circuits disagree on this question." *Id*. (citing *In re Ormsby*, 591 F.3d 1199, 1206 (9th Cir. 2010) (debtor must actually know that injury is "substantially certain" for finding of willfulness); *In re Scholnik*, 670 F.3d 624, 630 (5th Cir. 2012) (finding willfulness where creditor "showed an objective substantial certainty of harm")).

5

Plaintiff to purchase the Vehicle. The Complaint does not allege any facts to support the conclusion that this debt resulted from a willful and malicious injury. That being said, however, courts have held that a separate debt can arise from a debtor's injury to a creditor's collateral and that such injury can be a willful and malicious injury to the creditor's security interest. For example, if a debtor sells a creditor's collateral without permission and retains the sales proceeds, such an act creates a separate liability for conversion of the creditor's property interest. *In re LaGrone*, 230 B.R. 900, 904 n.2 (Bankr. S.D. Ga. 1999) ("Conversion is a tort for which punitive damages may be recovered."); *see also Ford Motor Credit Co. v. Owens*, 807 F.2d 1556 (11th Cir. 1987); *In re Warner*, 2013 WL 2436418, at *2 (Bankr. N.D. Ga. Apr. 30, 2013) ("The conversion of another's property without his knowledge or consent, done intentionally and without justification and excuse, to the other's injury, is a willful and malicious injury within the meaning of the Section 523(a)(6) exception."). "The crux of the matter is whether the act was deliberate, as opposed to accidental, and whether the debtor intended the consequences of the act, *i.e.*, to deprive the creditor of its lawful exercise of rights in the collateral or its proceeds by disposing of or retaining it without the creditor's knowledge or consent." *LaGrone,* at 904; *see also In re Hart*, 2007 WL 7143073, at *2 (Bankr. N.D. Ga. Dec. 18, 2007) (noting that conversion may amount to a willful and malicious injury, but "negligent or reckless acts that deprive a creditor of his property . . . do not rise to the level of 'wilful and malicious'") (citing *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393 (1934)).

Under Georgia law, conversion is defined as "an unauthorized assumption and

exercise of the right of ownership over personal property belonging to another, in hostility to his rights; an act of dominion over the personal property of another inconsistent with his rights; or an unauthorized appropriation." *Bearoff v. Craton*, 350 Ga. App. 826, 839–40, 830 S.E.2d 362, 375 (2019). "Any distinct act of dominion wrongfully asserted over another's property in denial of his right, or inconsistent with it, is a conversion." *Id*. at 840; *see also All Bus. Corp. v. Choi,* 280 Ga. App. 618, 622 (2), 634 S.E.2d 400 (2006) ("An exercise of dominion or control over secured property which is inconsistent with the rights of the secured party is conversion."). Here, it is not clear that Defendant's conduct would support a claim for conversion. The Court has found no authority to suggest that the owner of a vehicle "converts" the creditor's collateral when his conduct simply reduces the collateral's value. Indeed, as the owner of the Vehicle, Defendant was authorized to drive it, and the accident was not a "disposition" of the Vehicle. That being said, Defendant did have a contractual obligation under the Security Agreement to refrain from using the Vehicle for an unlawful purpose, which he did not honor. Assuming, without deciding, that Defendant's driving the Vehicle while fleeing the police constitutes a "conversion" of Plaintiff's collateral, or that Plaintiff would have a claim for damages against Defendant for an intentional breach of the security agreement or under some other theory, the Court cannot find that the Complaint alleges sufficient facts to find that such injury was willful.

The Complaint does not allege facts sufficient to establish that Defendant had the subjective intent to cause Plaintiff's injury or that he believed his conduct was substantially certain to do so. The Complaint includes the conclusory statement that "Defendant knew *or should have known*, that the Vehicle Accident was substantially certain to result from

7

his conduct during the GPS pursuit." Complaint, ¶ 35. First, such a statement is too conclusory to "provide support for the claim." *In re Moss*, 598 B.R. 508, 518 (Bankr. N.D. Ga. 2019) (holding that allegation that "[t]here was an objective, substantial certainty of harm," the debtor "had a subjective motive to cause harm," and the debtor "intended that [Plaintiff] and/or its property suffer the injury caused by the acts" were conclusory statements that merely recite the legal standard for willfulness and do not provide support for the claim"); *see also In re Harris*, 2011 WL 2787722, at *3-4 (Bankr. M.D. Pa. July 14, 2011) (finding the factual allegation that "[u]pon information and belief, Defendant acted with the intent of causing, or the substantial certainty of causing, willful and malicious financial harm to Plaintiff" . . . simply too cursory and too conclusory to meet the plausibility standard"). Second, even if the Court deemed this a fact to be admitted, if Defendant did not know (but should have known) that the Vehicle Accident was substantially certain to result from his illegal conduct, the Court could not find that his conduct was willful. This statement supports only a finding that Defendant *either* acted intentionally or acted negligently or recklessly. If he acted negligently or recklessly, the resulting injury is not sufficient to support nondischargeability under § 523(a)(6). *See In re Lam,* 2008 WL 7842072, at *3 (Bankr. N.D. Ga. Mar. 27, 2008) ("Plaintiff's argument that Debtor 'should have known' about the overpayment does not rise to the level of 'willful and malicious' injury required under § 523(a)(6)."); *Crumley*, 2011 WL 7068913, at *2 (noting that "reckless conduct resulting in injury that evidences an entire want of care or conscious indifference to the consequences is not sufficient under the legal standard established in" § 523(a)(6)); *In Matter of Burgos*, 2015 WL 9435398, at *3 (Bankr. N.D.

8

Ga. Nov. 9, 2015) (stating that allegations that support "utter recklessness or deplorable apathy, . . . without an allegation that the Debtors had a motive to cause her injury, acted with intent to injure, or acted with the knowledge that their conduct would inflict injury," were insufficient to obtain a default judgment under § 523(a)(6)).

Further, there are insufficient facts from which the Court could infer that Defendant knew that his conduct was substantially certain to result in an injury to Plaintiff or its security interest in the Vehicle. The Court cannot find from the alleged facts that the only plausible inference is that Defendant knew that his conduct was substantially certain to result in an accident that would total the Vehicle and leave Plaintiff's security interest in the Vehicle or its proceeds (the insurance coverage) worthless. *See generally In re Hamm,* 2016 WL 3748796, at *4-*5 (Bankr. N.D. Ala. July 7, 2016) (noting that "[d]riving while intoxicated does not always result in injury to person or property, and there is no evidence before the Court from which it could conclude whether injury is substantially certain to result"). Certainly, the allegations of the Complaint do not suggest that Defendant wanted to total his own vehicle in an accident that could have caused personal injury to himself. The better inference is that Defendant wanted to, and believed he could, escape the police. Further, no allegations have been made that Defendant was aware of the insurance policy exclusion. Rather, the facts suggest that he acted in reckless disregard of the possibility that an accident could occur, and that cannot support a claim under § 523(a)(6). *See In re Ikner,* 883 F.2d 986, 990 (11th Cir. 1989) ("Since wanton conduct seems to include an act done in reckless disregard of the rights of another, the judgment could have been based on such a finding, which is insufficient to except the debt from discharge under the Bankruptcy

9

Code."); *In re Nevarez*, 415 B.R. 540, 546 (Bankr. D.N.M. 2009) ("Finding that the debt at issue is non-dischargeable based on an inference that the Defendant knew or should have known that his reckless driving would result in injury inappropriately expands the scope of nondischargeability under 11 U.S.C. § 523(a)(6) to include acts of negligence under an objective, reasonable person standard."); *In re Fleisch*, 543 B.R. 166, 169 (Bankr. M.D. Pa. 2015) (finding that debt for wrongful death caused by debtor's operation of motor vehicle after "golfing and consuming alcoholic beverages" was not willful where there was no evidence that debtor intended to get in an accident and or that he believed an accident was substantially certain to occur); *In re Kokenge*, 279 B.R. 541 (Bankr. E.D. Tenn. 2002) (holding that debtor who irresponsibly and unjustifiably drove on snowy road at speeds exceeding 90 mph did not cause a willful and malicious injury); *In re Cage*, 2007 WL 1732227, at *1 (Bankr. W.D. La. June 8, 2007), aff'd sub nom. *Fontenot v. Cage*, 2008 WL 3155057 (W.D. La. Aug. 5, 2008) (finding that accident was not substantially certain to occur when debtor was cited for failing to keep his vehicle under proper control, failing to yield the right of way, speeding, and racing on a city street); *but see In re Adams*, 147 B.R. 407, 416 (Bankr. W.D. Mich. 1992) (holding that, where debtor accelerated into the left lane and continue speeding through a stop light at a congested intersection, "[h]e should have known this act was substantially certain to result in serious injury to some person"). While the Complaint establishes that Defendant was aware of the possibility that financial harm could result to Plaintiff, it does not establish that he was aware that such harm was

10

substantially certain.[2]

Second, although intentional abandonment of a creditor's collateral can support a finding that the debtor converted the creditor's collateral, *see In re Mack*, 2000 WL 35925374, at *2 (Bankr. S.D. Ga. Sept. 19, 2000) (citing *First Franklin Financial v. David A. Johnson (In re Johnson)*, Case No. 96–40938, Adv. No. 98–4117; slip op. (S.D. Ga. Dec. 30, 1998)), the Complaint does not clearly allege that Defendant abandoned the Vehicle. It alleges that "Defendant appears to have abandoned the Vehicle" and that he was "unable or unwilling to disclose at the 341 Meeting the current whereabouts of the Vehicle." Complaint, ¶ 32. The Complaint leaves open the possibility that Defendant did not know the Vehicle's location. Again, the allegations are not sufficient to find that Defendant took an intentional act to prevent Plaintiff from locating its collateral.

Third, Plaintiff may also assert that Defendant's conduct caused a further injury to Plaintiff's security interest because his conduct destroyed the value of the insurance coverage that protected Plaintiff's collateral. Plaintiff seems to suggest that Defendant caused the invalidation of the insurance policy by filing a claim without disclosing that the accident occurred during the commission of a crime, but then goes on to say that the insurance company denied coverage under an exclusion that applied to accidents caused

---

[2] As the Ninth Circuit Court of Appeals noted: "[Use of the] subjective approach explains how courts have typically resolved the applicability of § 523(a)(6) in the context of motor vehicle accidents. When car accidents occur and there is no evidence, beyond evidence of (at times) extreme recklessness, that the driver expressly sought to crash into another, § 523(a)(6)'s nondischargeability provision typically has been found inapplicable. *See Madden v. Fate (In re Fate)*, 100 B.R. 141 (Bankr. D. Mass. 1989); *Mugge v. Roemer (In re Roemer),* 76 B.R. 126 (Bankr. S.D. Ill. 1987); *Cooper v. Noller (In re Noller)*, 56 B.R. 36 (Bankr. E.D. Wis. 1985*); In re Donnelly*, 6 B.R. at 23. When, however, the evidence demonstrates that the driver purposefully crashed his car into another's, § 523(a)(6) applies and the driver's debt stemming from that 'accident' is nondischargeable. *See Stubbs v. Mode (In re Mode)*, 231 B.R. 295 (Bankr. E.D. Ark. 1999); *Grange Mut. Cas. Co. v. Chapman (In re Chapman),* 228 B.R. 899 (Bankr. N.D. Ohio 1998)." *In re Su*, 290 F.3d 1140, 1146 (9th Cir. 2002).

during the commission of a crime. This fact supports a finding that the insurance company would have denied coverage even if Defendant had disclosed the facts up front. Accordingly, the same conduct that caused the accident resulted in the denial of the insurance coverage and, for the reasons explained above, the facts are not sufficient to establish that this conduct caused a "willful" injury within the meaning of § 523(a)(6). The Court cannot find that Defendant believed that his decision to flee from the police was substantially certain to invalidate the insurance policy.

Finally, even if the Court could find that Defendant acted intentionally rather than recklessly, the Complaint does not allege the value of the Vehicle before or after the accident and the Court cannot determine the amount of the debt that resulted from a willful and malicious injury. *See In re Warner*, 2013 WL 2436418, at *3 (Bankr. N.D. Ga. Apr. 30, 2013) ("Plaintiff has not clarified the value of the specific collateral transferred in relation to the other items of collateral, or the value of the boat. Only the amount of a claim caused by the willful or malicious action is not dischargeable, not the entire debt."); *In re Sheikh*, 2012 WL 987617, at *3 (Bankr. N.D. Ga. Jan. 4, 2012) ("Accordingly, the measure of damages would be the amount the Plaintiff could have realized had the Debtor paid for the repairs and made the Vehicle available to the Plaintiff to liquidate. Unless the value of the repaired Vehicle at the time of its abandonment was equal to or greater than the amount of the debt, the amount of the debt subject to section 523(a)(6) would not be equal to the amount of the unpaid debt."); *William Goldberg & Co. v. Cohen*, 219 Ga. App. 628, 641, 466 S.E.2d 872, 883 (1995) ("Where the interest is a security interest, the measure of damages [for conversion] is the *lower* of the value of the converted property or the

outstanding amount of the debt.") (emphasis in the original); *In re Cox,* 243 B.R. 713, 720 (Bankr. N.D. Ill. 2000) (holding that the "the debt caused by intentional harm and therefore barred from discharge is only the fair cash market value of the car when Cox 'sold parted it,' based on the retail value that Fidelity could have realized on it if repossessed"). If the Complaint did allege sufficient facts to support an inference that Defendant's driving the Vehicle resulted in a willful injury to Plaintiff or its property, the damages subject to § 523(a)(6) would be limited to the lesser of the amount owed or the value of the Vehicle immediately prior to the accident. Or, if the Complaint alleged facts to show that Defendant intentionally failed to cooperate with Plaintiff in locating the Vehicle, the damages subject to § 523(a)(6) would be limited to the value of the Vehicle immediately following the accident.

## Conclusion

For the reasons stated above, the Motion is DENIED without prejudice to the filing of an amended complaint within thirty (30) days of the date of the entry of this Order;

IT IS FURTHER ORDERED that, should no further action be taken as to this matter within thirty (30) days of the date of the entry of this Order, the Clerk may close the case.

**END OF DOCUMENT**

**DISTRIBUTION LIST**

**Albert F. Nasuti**
Thompson, O'Brien, Kappler & Nasuti, P.C.
Suite 400
2 Sun Court
Peachtree Corners, GA 30092

**Michael Brian Pugh**

Thompson, O'Brien, Kappler & Nasuti, P.C.
Suite 400
2 Sun Court
Peachtree Corners, GA 30092

**Jeffery Lamar Trevor Newsome, Jr.**
7690 Brazos Trail
Fairburn, GA 30213

**Howard Jay Kent**
The Kent Law Firm
Suite 600
3355 Lenox Road, NE
Atlanta, GA 30326